UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-207-RJC

| LOWELL MASON VARNEY, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| SAMI HASSAN, <u>et al.</u>, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A.

**I.   BACKGROUND**

According to the website of the North Carolina Department of Public Safety, Plaintiff is presently incarcerated following his conviction on March 19, 2002, for second-degree sexual offense (principal), and his projected release date is November 15, 2016.

In his complaint, Plaintiff argues that one or more of the defendants have been deliberately indifferent to his serious medical needs. In particular, Plaintiff alleges that he was evaluated by Dr. Hassan on March 13, 2013, for a medical issue unrelated to Plaintiff's present complaint which is that Dr. Hassan refused to medically evaluate him for a suspected dislocated shoulder. Following the unrelated medical examination, Dr. Hassan informed Plaintiff that he was free to leave. Plaintiff altered Dr. Hassan that he had recently filed for an emergency medical appointment to have his shoulder examined. Apparently, Dr. Hassan declined to examine Plaintiff's shoulder at that time and he pointed Plaintiff to the door. Plaintiff contends that there were at least two witnesses to this incident.

In his claim for relief, Plaintiff seeks, among other things, compensatory damages from

defendants Hassan, Lewis, and Parson in the amount of $30,000, punitive damages in the amount of $20,000, and a jury trial on all issues. (Doc. No. 1).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

### A. Exhaustion

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").[1]

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff states that he has fully exhausted his available state remedies within the state's administrative remedy procedure. However, the Court has examined the

---

[1] See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the Three-Step Administrative Remedy Procedure which controls the filing of grievances in the prisons which are under the control of the North Carolina Department of Public safety. See also N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A) ("Corrections Administrative Remedy Procedure").

complaint and the record in this matter and it appears that Plaintiff has not in fact exhausted his administrative remedies as Plaintiff, by his own admission, was awaiting a final response in Step Three when he signed and apparently mailed his complaint. (Doc. No. 1 at 2) ("[March 13, 2013] waiting for final response in the next 15 to 30 days."). Despite this assertion Plaintiff has still failed to demonstrate that he has exhausted his administrative remedies, and that is, despite the Clerk's Order requesting a copy of such proof of exhaustion which was mailed to Plaintiff on April 3, 2013. (Doc. No. 3).

The Court finds that based on Plaintiff's own statements and the documents filed in this action that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies before filing this § 1983 lawsuit. The Court will therefore dismiss Plaintiff's complaint without prejudice for failure to comply with the mandatory exhaustion requirement of the PLRA.

**B.      Remaining Motions**

The Court will deny Plaintiff's motion to hold this civil action in abeyance. (Doc. No. 7). Plaintiff argued that he had surgery in April 2013, and the pain medication he was prescribed has impaired his ability to proceed with his lawsuit. As the Court has found that Plaintiff has failed to comply with the mandatory exhaustion requirements of the PLRA, prior to filing his § 1983 complaint in the first place, this motion will be denied.

Finally, Plaintiff's motion for injunction will be denied in the Court's discretion. Plaintiff raises vague complaints regarding his limited access to a law library to assist in his access to the courts. While the Court expresses no opinion on the merits of Plaintiff's Eighth Amendment argument, it is nevertheless clear what Plaintiff's federal claim is in his § 1983 complaint. Accordingly, Plaintiff has failed to present a credible claim for a preliminary injunction.

**IV.     CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust his state administrative remedies. (Doc. No. 1).

2. Plaintiff's motion for extension of time to pursue his § 1983 complaint is **DISMISSED** as moot. (Doc. No. 7).

3. Plaintiff's motion for injunction is **DENIED**. (Doc. No. 8).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: 1/24/2014

Robert J. Conrad, Jr.
United States District Judge